Felicia Medina (CA 255804)
fmedina@sanfordheisler.com
Xinying Valerian (CA 254890)
xvalerian@sanfordheisler.com
**SANFORD HEISLER KIMPEL, LLP**
555 Montgomery Street, Suite 1206
San Francisco CA 94111
Telephone: (415) 795-2024
Facsimile: (415) 795-2021

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE FRETTER and MARIA KORSGAARD, individually and on behalf of a class of similarly situated female employees,<br><br>Plaintiffs,<br><br>-- against --<br><br>BOSTON SCIENTIFIC NEUROMODULATION CORPORATION AND DOES 1- 10.<br><br>Defendant. | No. 2:15-cv-01988-DSF-JC<br><br>**CIVIL LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS MEMBER NAMES AND CONTACT INFORMATION**<br><br>Hon. Jacqueline Chooljian<br><br>Courtroom:        20<br>Hearing Date:     August 4, 2015<br>Hearing Time:     9:30 am<br><br>Discovery Cutoff: None set.<br>Pretrial Conference: None set.<br>Trial Date: None set. |

CIVIL L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT
STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS
MEMBER NAMES AND CONTACT INFORMATION

Plaintiffs have shown that the requested class contact information is relevant, that there is no countervailing burden, and that privacy interests are protected. The other devices and methods of discovery and investigation are insufficient under the circumstances here, and the overwhelming weight of relevant legal authority supports compelled production based on similar or lesser showings. Plaintiffs' motion should be granted.

## I.   Plaintiffs' Discovery Effort Does Not Interfere with Possible Court-Supervised Notice

The overwhelming prevailing view in this District and Circuit does not view the production of class contact information to be problematic absent an actual record demonstrating the likelihood that the information would be misused. Giving Plaintiffs' counsel the ability to contact a large number of class members is no different from the ability that Defendant currently has, and has used, to engage in a mass communication with a large part of the class about the case. Plaintiffs are not circumventing the Court's supervision of *Hoffman La-Roche* notice, the process of conditional certification that will soon be underway on a different track. The procedural history leading to this motion makes that clear. Defendant's refusal to produce it has already made it next to impossible to make use of class contact information—if compelled—to inform Plaintiffs' motion for conditional certification. Plaintiffs' motion seeks to ensure that Plaintiffs do not end up inching close to Rule 23 class certification without the discovery that is truly necessary.

## II.   Geographically Diverse Anecdotal Evidence is Necessary to Connect Centralized Leadership Practices and Statistics in a Nationwide Case and Establish Commonalities Between the Experiences of Class Members

1

Anecdotal evidence is a critical tool for developing evidence of commonalities in how personnel and compensation policies are applied across the class, and to link the policies with the outcomes evidenced by class member testimony and statistics.  This is especially true in a nationwide case where the field sales leadership is small and concentrated, and the class members are relatively few in number but are geographically dispersed.  Defendant attempts to limit Plaintiffs to its corporate documents, certain personnel statistics, depositions of defense witnesses, and the limited number of colleagues that the two plaintiffs may be able to reach.  Plaintiffs are not neglecting any of these avenues in their discovery plan, but those avenues are no substitute to Plaintiffs being able to gather information through interviews of class members.  *See* Ex. A, attaching Dkt. 40, Joint Rule 26(f) Report.

Plaintiffs must have access to class members across the country in order to prepare for class certification.  As stated in the Joint Rule 26(f) Report, Defendant contends that "BSN's compensation and promotion decisions are based entirely on legitimate, nondiscriminatory reasons and policies that are even-handedly applied to males and females.  BSN intends to oppose class and collective certification of Plaintiffs' claims on several grounds, including that resolution of Plaintiffs' claims necessarily requires individualized inquiries not suitable for classwide determination …."  Ex. A, Dkt. 40, 5:3-9. Meanwhile, in its initial disclosures, Defendant has identified managers and executives from every region, who are sure to testify in opposition to collective and class certification that any differential outcomes in sales employees' promotions and compensations are the result of individualized factors.  Plaintiffs must be able to reach class members in order to efficiently obtain information about how policies are actually applied, how decisions are actually made, and what their qualifications and work experiences are relative to those of their peers.

CIVIL L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS MEMBER NAMES AND CONTACT INFORMATION

Defendant argues that Plaintiffs have not exhausted alternative means of discovery of anecdotal evidence through discovery of class contact information, yet fails to cite applicable legal authority for this 'prematurity' argument. Regardless, Plaintiffs can meet such a standard.

Aside from formal discovery of class contact information, Plaintiffs here do not have the kind of access to comparable sources that might be possible for plaintiffs in other cases. *Cf. Kernats v. COMCAST Corp.*, 2010 U.S. Dist. LEXIS 20276, *6, 2010 WL 8742753 (N.D. Ill. Jan. 14, 2010) (3 named plaintiffs remain employed in a call center alongside other putative class members). Outside sales representatives' jobs ("field sales") involve daily travel and they are responsible for their accounts, their assigned territories, and their assigned doctors' offices. The employees are divided into regions and territories across the country. The two named Plaintiffs worked in the field selling products, in a non-traditional work setting. Thus, if Plaintiffs identify class members in the statistical data or documents that they wish to interview, they are unlikely to have their contact information.

Reliance on depositions to obtain information from class members or their male coworkers is the epitome of inefficiency. There are limits on how many class members can be deposed and Defendant is not in a position to compel the attendance of many individuals. Plaintiffs incur the expense of this motion practice because they lack efficient alternative means of obtaining anecdotal information from female sales representatives. Such information is necessary to controvert Defendant's argument that unique and individualized experiences among class members preclude the findings of commonality and predominance necessary for Title VII certification.

In short, there is no substitute to Plaintiffs being able to systematically gather information through interviews of class members using a comprehensive list

CIVIL L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT
STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS
MEMBER NAMES AND CONTACT INFORMATION

of potential contacts.   Defendant does not claim it would be burdensome to produce the class contact information.   Accordingly, the prerogative of "just, speedy, and inexpensive" conduct of litigation, Fed. R. Civ. P. 1, as well as the ample case law in the federal courts in California, support the compelled production of class contact information in this case.

Defendant ventures far afield in invoking decisions from consumer class actions and out-of-circuit district courts.   None of Defendant's cases feature the same relevance, necessity and lack of burden as are present here.   Consumer class actions, especially the debt collection cases cited by Defendant, do not present the same considerations.  *Swelnis v. Universal Fid. L.P.*, 2014 U.S. Dist. LEXIS 53058, *7, 2014 WL 1571323 (N.D. Ind. Apr. 17, 2014) (FDCPA case alleging defendant used form debt collection letters that failed to included legally required information. Plaintiff sought class contact information to establish numerosity.); Palmer v. Stassinos, 2005 U.S. Dist. LEXIS 41270, *10, 2005 WL 3868003 (N.D. Cal. May 18, 2005) (in another debt collection case, consumers' rights to privacy under California Constitution weighed heavily).   Likewise, the Court should not rely on overtime and minimum wage cases under the FLSA in jurisdictions with different prevailing standards for class discovery.  *See Charles v. Nationwide Mut. Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, *19, 2010 WL 7132173 (E.D.N.Y. May 27, 2010) (plaintiff did not discuss the need for the requested information in light of the discovery already provided by defendant; case has no persuasive value); *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694 (M.D. Ala. 2003) (holding without analysis that discovery of information about putative opt-in class members is not appropriate before a collective action is authorized).   Here, the question is whether Defendants should fully identify class member contact information for purposes of a Title VII / Rule 23 inquiry.   The overwhelming weight of legal authorities in

CIVIL L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS MEMBER NAMES AND CONTACT INFORMATION

employment class actions and in the federal courts of the Ninth Circuit supports granting Plaintiffs' motion.

### III.   Plaintiffs Will Adopt A "Disclaimer"

During meet-and-confer, Defendant was unconditional in its opposition to production of class contact information.  Now, it raises the idea of a disclaimer as an alternative.  Plaintiffs will provide the information in Defendant's suggested disclaimer, because it is part of Plaintiffs' standard protocol in any event. Plaintiffs' counsel will inform class members that the disclosure of their contact information was compelled by the court, that the contact information is confidential and will not be publicly disseminated, that they have the right to choose whether to speak to Plaintiffs' counsel, and that if they elect not to speak with Plaintiffs' counsel, then counsel will terminate the contact and not contact them again.  Although a court order is not necessary, Plaintiffs can stipulate to the above on the record.

DATED: July 21, 2015           Respectfully Submitted

/s/ Felicia Medina
Felicia Medina
Xinying Valerian
**SANFORD HEISLER KIMPEL, LLP**

*Attorneys for Plaintiffs and the Class*

CIVIL L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION FOR PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLASS MEMBER NAMES AND CONTACT INFORMATION